UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL PROCTOR,
Plaintiff,

vs.

Case No. # 14-1228

DR. Sood - Medical Director;
Pamela Bloomfield - Assistant Practioner Nurse;
Amy John - Assistant Practioner Nurse;
DR. Shute - Medical Director;
Lois Mathes/Lois Lindorff - Health Care Unit Administrator;
DR. Louis Shicker - Chief of Health Services Medical Director;
Arther Funk - Regional Medical Director Wexford Health Sources, Inc;
S.A. Godinez - Director of Illinois Department of Corrections;
Kevwe Akpore - Warden[1]; John and Jane Does, ett atal.,
Defendants.

JURY BY TRIAL

---

[1] S. Wright - Acting Warden his successor is, Gerardo Acevedo - Warden his successor is, Joseph Yurkovich - Warden his successor is, Kevwe Akpore - Warden at Hill Correctional Center (HillCC) and, if so, the Court deems appropriate current Warden Kevwe Akpore be substituted as the proper respondent in this matter. See Rule 2(a), Fed. R. Civ. P. 25(d), Rumsfield v. Padilla, 542 U.S. 426, 434-35 (200) (quoting Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996); Bridges v. Chambeis, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

1

## COMPLAINT

This claim brought under the United States Constitution 42 U.S.C. §1983 against the (State, County or Municipal defendants), under color of state law, and with deliberate indifference for unnecessary and wanton infliction of pain for a serious medical need and the United States Constitution 8th Amendment of Cruel and Unusual Punishment.

## I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3), and Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201, And Plaintiff claims that the Central District of Illinois Court is the appropriate venue under 28 U.S.C.§§1391(b)(2) or 1367 Supplement Jurisdiction or Plaintiff's state law claim.

## II. PARTIES

A. Plaintiff:

DANIEL PROCTOR (PROCTOR) #N44218, Pro Se, and is currently incarcerated at Hill Correctional Center (HillCC) P.O. Box 1700, Galesburg, Illinois 61401.

2

II. PARTIES - CON

B. Defendants:

Dr. Sood - Medical Director (Dr. Sood) Current at Hill CC P.O. Box 1700 Galesburg, Illinois 61401 (309) 343-4212.

Pamela Bloomfield - Assistant Practioner Nurse Current at Hill CC P.O. Box 1700, Galesburg, Illinois 61401 (309) 343-4212.

Amy John - Assistant Practioner Nurse (Amy John) gone, address unknown.

Dr. Shute - Medical Director (Dr. Shute) gone, address unknown.

Lois Mathes maiden name, and Lois Lindorff married name and Current Administrator of Health Care Unit - HCUA Lindorff at Hill CC P.O. Box 1700, Galesburg, Illinois 61401 (309) 343-4212.

Dr. Louis Shicker - Chief of Health Services Medical Director (Dr. Shicker) at James R. Thompson Building, 100 West Randolph, Suite #4-200 Chicago, Illinois 60601 (312) 814-3017.

Auther Funk - Regional Medical Director of Wexford Health Sources, Inc, at Corparate office 205 Suite, 381 Mansfield Ave, Pittsburgh A.A. 15220-2751 (412) 937-8590.

S.A. Godinez - Director (Godinez) of the Illinois Department of Corrections (IDOC) 1301 Concordia Court P.O. Box 19277, Springfield, Illinois 62794-9277 (217) 558-2200.

Kevwe Akpore - Chief of Administrator Officer/Warden (Akpore Warden) Current at Hill CC P.O. Box 1700, Galesburg, Illinois 61401 (309) 343-4212.

3

## II. PARTIES - con.

All defendants listed above are with deliberate indifference for unnecessary wanton infliction of Pain (colon spasms and lower leftside of abdominal pain for about 8 years), a serious medical need, under the color of state law, and the United States Constitution of the 8th Amendment for Cruel and Unusual Punishment. Estelle V. Gamble, 429 U.S. 97, 104 (1976), Medical conditions that fell short of life-threating can nevertheless constitute "a serious medical need," if they result in pain or loss of function. See Greeno V. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

## III. LITIGATION HISTORY

A. Have you brought any other law suits in state or federal court dealing with the facts involved in this case? <u>NO</u>.

B. Have you brought any other law suit(s) in federal court while incarcerated? <u>YES</u>.

C. If you answer to B is yes, how many? <u>2</u>. Describe the law suits below.

  1.) Name of Case, Court and Docket Number? Daniel Proctor V. Cook County Jail, Northern District of Illinois 95 CV 6089.

  2.) Basic Claim made: inmates cuffed to each wrist and allowed to brake ribs.

  3.) Disposition (that is, how did the case end? was the dismissed? was it appealed? is it still pending?) Evidencing Compliance with general Rule 39, Payment Settled; by Honorable Judge Robert W. Gettleman.

4

C. 1
 1) Name of Case, Court and Docket Number? DANIEL PROCTOR V. STATE OF Illinois Department of Corrections (IDOC), Northern District of Illinois 04-C-2953.

 2) Basic claim made: Transfer refused without documentation to another institution.

 3) Disposition: Dismissed as Moot; Transfer given once warden at Stateville C.C. was served with Complaint, by Honorable Judge Robert W. Gettleman.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoner must exhaust available administrative remedies before filing an action in federal Court pursuant to 42 U.S.C. §1997e(a).

A. Is there a grievance procedure available at your institution? **Yes**

B. Have you filed a grievance concerning the facts relating to the Complaint? **Yes**

   If your answer is No, explain why not? **N/A**

C. Is the grievance procedure completed? **Yes**

The Illinois Department of Corrections (IDOC) has a Three Stage Procedure Pursuant to 20 Ill. Adm. Code § 504.F.

§504.810 Grievance shall be filed <u>within 60 days</u> of incident, occurrence, or problems... Proctor filed a rebuttle to Counselor's reply to Grievance officer. (See Proctor's Rebuttle at 4)

§504.830 Proctor mailed grievance #13-0956 to Grievance officer who <u>has one week</u>, provided that one or more been filed and make their recommendation in writing to the Chief Administrative Officer (Warden).

The Warden then has <u>two-months</u> to advise offender of the decision in writing, where reasonably feasible under the circumstances. <u>If grievant not satisfied</u>, then grievant can appeal to Director. (See Grievance officer and Warden decision at 5)

§504.850 Proctor Appeal <u>within 30 days of Warden's decision</u> as required by rules and attached another rebuttle to the Administrative Review Board (ARB). And The ARB shall make its recommendation to the Director and the Director has <u>6 months after receipt of appealed</u> grievance to make a recommendation and sign and date appealed. (See Proctor's Rebuttle at 6).
(See ARB and Director's decision at 7); (Grievance #13-0956 at 1, 2, 3)).

## V. STATEMENT OF CLAIM

Places and Dates of Occurrence.

1.) Stateville Correctional Center (Stateville CC) in 1999. And
2.) Hill Correctional Center (Hill CC) since 2007 until current date.

6

2.) Plaintiff, Daniel Proctor (Proctor), Pro se, is a state Prisoner at the IDOC since 1995 and will be incarcerated until the year 2025 and is incarcerated at Hill CC.

3.) During Proctor's Confinement in the IDOC, Proctor started experiencing lower leftside abdominal pain (LLQ) and Colon spasms (spasms) of excruciating severe pain daily.

4.) Proctor Continuously Complained numerous times of his excruciating severe pain and Proctor's limitation of daily activities because of the pain. The excruciating severe pain keeps Proctor from running, Jogging, weight lifting, and at times the excruciating severe pain wakes Proctor-up from his sleep and Proctor tired through out the day.

5.) The defendants with deliberate indifference to Proctor's excruciating severe pain and suffering daily, denial of an relatively inexpensive and necessary treatment with an outside Procedure to an definitively diagnose of Proctor's ailments since 2007 at Hill CC for the excruciating severe pain in Proctor's LLQ and spasms daily. (see Exhibits VII, VIII, IX, _____ "Proctor's Doctors notes of pain.")[2]

6.) As Proctor is Continuously aging and is now in his 50's and the excruciating severe pain is increasing more and Proctor's LLQ and spasms. Even though general X-rays and ultrasound taken in 2007 and another general X-ray in 2010, in which, they came back negative. (see Exhibits C, D, E)

7.) Approximately (approx.) on 1-24-08 Dr. Shute ordered medication for Proctor's excruciating severe pain called Bentyl because of Proctor's continuous complaining of the pain he is experiencing daily in the LLQ and spasms. At first, the medication was for twice a day through the med-line and then once a day. Some time later the medication was changed to Levsin twice a

---

[2] All Exhibits will be Provided later.

7

day and again it was reduced to once a day... Proctor is still experiencing the excruciating severe pain and complaining to the doctors and/or Dr. Sood any time Proctor is seen at the Health Care Unit (HCU) about the pain in his LLA and spasms. Proctor also lacks to perform any activities, such as, running, jogging, weight lifting or sports because the pain increase (5) five fold and wont stop until Proctor relaxs to wear Proctor can deal with the pain. id. (see Exhibits F, G, G1, G2, G3).

8.) The medication prescribed for Proctor's excruciating severe pain in his LLA and spasms is "ineffective to stop the pain," and at times these pain wakes Proctor-up out of his sleep. Proctor told Dr. Sood on 4-30-12 and other doctor's on 9-15-12, and any time seen. (see Exhibits i, VII, VIII, IX)(i-sick call request; VII, VIII, IX - Proctor's Doctors notes of his pain));(see Grievance #13-0956 1, 2, 3 at 2))).

9.) Proctor wrote the HCUA - Lois Mathes maiden name and now is Lois Lindorff married name (L. Lindorff) on 4-9-08, 10-30-08, and 11-12-12 and numerous times concerning the pain Proctor is experiencing daily. The HCUA L. Lindorff failure to investigate patient request or schedule Proctor to be seen by doctors and/or outside source or make a recommendation according to the IDOC Job Description Contract services (05-3308: 00054, 55, 56) states in part:

The HCUA coordinates the management of the HCU with the Clinical supervisior and has the responsibilities of the Medical Director for the IDOC employees... Here again, the HCUA L. Lindorff can discuss issues of a complex or unusual clinical nature involving patient management of the IDOC.
(see Exhibits 6 of 7, 7 of 7 at 21)(6 of 7, 7 of 7 - Job Description 05-3308: 00054; Grievance #13-0956 Reply at 1)).

10.) Proctor contents that he mailed-out several copies of a typed-out word for word of Grievance #13-0956 at 1,2,3 letterhead to various Medical Directors because Hill CC Mailroom Supervision would not allow Grievance to be sent out of the institution to ① Chief of Health Services - Dr. Shicker on 11/2012; and ② Vacant for the IDOC Assistant Medical Director on 11/2012; and ③ Arther Funk (Funk) Regional Medical Director for Wexford Health sources, inc on 2/2013 a Wexford employee.
(See Exhibits 1 of 2, 2 of 2; Grievance #13-0956 at 1,2,3)(1 of 2, 2 of 2 Typed-out Grievance's letterhead.)).

① Dr. Shicker's - Reply - Your being treated and medicated. (See Exhibit dated 12-24-2);

② No reply from IDOC Assistant Medical Director - Vacant;

③ Funk's reply - follow established sick call process and grievance procedure, and a seperate letter to Funk from Proctor. (See Exhibits A1 and A2)(A1 - letter to Funk; A2 Funk's reply)).

The employee of the IDOC and Wexford are denying and/or delaying Proctor's serious medical need for a deliberate diagnose for appropriate treatment. Proctor made them aware that he is still continuously complaining of his excruciating severe pain in his LLQ and spasms.

11.) The fact that Proctor is receiving some kind of medical treatment "does not" necessary defeat his claim to infer deliberate indifference to a serious medical need, cannot manifested by blatantly inappropriate treatment, or by woefully inadequate actions, as well as, no actions at all. And again, Proctor reiterates that he is still experiencing excruciating severe pain in his LLQ and spasms today.
(See exhibits VII, VIII, IX, ___ Proctor's Doctors notes of daily pain)

9

12.) Proctor seen Amy John numerous times about experiencing excruciating severe pain in his LLQ and spasms and medication is given but to no avail to stopping the pain. Proctor requested for additional testing be done, such as, colonoscopy and/or MRI because of the continuous pain. (See Exhibit 0 - sick call request).

13.) On 1-24-14 Proctor seen Dr. Sood for his high blood pressure and "Dr. Sood asked, do you have any problems and Proctor replied yes," and told Dr. Sood of the excruciating pain in Proctor's LLQ and spasms which at times wakes Proctor-up out of his sleep. At this point Dr. Sood "would not investigate Proctor's Problems, but said 'you not here for IBS, only for your high blood Pressure. And after reviewing Proctors medical chart Dr. Sood said its time for you to leave now. Dr. Sood left Proctor in unnecessary wanton infliction of pain daily and did nothing in violation of the U.S. Constitution 8th Amendment to be free of cruel and unusual punishment.

14.) On 2-20-14 Proctor filed another sick call request to see Dr. Sood or Bloomfield and on 2-25-14 Proctor seen Bloomfield about the excruciating severe pain in his LLQ and spasms and how at times it wakes Proctor up from his sleep in pain. Proctor provided Bloomfield a list called Doctors notes of Proctor's daily pain and after reviewing it no further investigation was done to see why Proctor is still experiencing these pains in his LLQ and spasms. (See Doctors notes of Proctor daily pain)(at VII, VIII, IX))(See Exhibit VI))).

15.) On 3-26-14 Proctor seen Bloomfield again and gave Bloomfield another up-dated list of Doctors notes of Proctors' daily pain. And again after reviewing it nothing was done to "find out why" is Proctor still getting these pains in his LLQ and spasms for almost 8-years. Even though medication was being provided daily once a day. Again Proctor was left in unnecessary wanton infliction of pain. (See Exhibits VIII, G2)(VIII-Doctors notes Proctor's pain; G2-Med-chart)).

10

16.) On 4-26-14 Proctor received a call pass to see Dr. Sood for chronic clinic - IBS for the first time. Upon seeing Dr. Sood Proctor tried to give another list called Doctors notes of Proctor's daily pain in his LLQ and spasms. Dr. Sood look at it quitely and gave it back stating its not needed in your file. And after seeing Proctor in pain and being medicated <u>Dr. Sood did not investigate why</u> Proctor's still having these pains. And there is nothing in the medical files to give a definitive diagnosis whether Proctor has IBS, Crohn's or Colities which have same or similar diagnoses, leaving Proctor in unnecessary wanton inflicition of daily pain. Under the Eighth Amendment of U.S. Constitution to Cruel and unusual Punishment.

17.) On 5-17-14 Proctor filed another grievance about Dr. Sood not putting Proctor's Personal Doctors notes into his medical file for all doctors to see if their reviewing Proctor's problems. And a again no one will make any recommendation for Proctor to receive further testing to known "why" Proctor is still hurting.
(See exhibits IX, Grievance 5-17-14 & Lindorff reply).

18.) "A condition is also objectively serious medical need where defendants failure to treat it could result in further significant injury or unnecessary wanton inflicition of pain pain daily." Id. (citation omitted) Pursuant to the U.S. Constitution Eighth Amendment to Cruel and unusual Punishment.
(See exhibits VII, VIII, IX, ___ Doctors notes of Proctor's daily pain).

19.) Proctor been seen by various medical staff and Medical Director of Wexford (Dr. Sood) for the excruciating severe pain in his LLQ and spasms daily to no avail. But its been based off Possible or suggest - IBS.
(See exhibits #1, #3).

20.) On 5-30-14 Proctor seen Nurse Carrie Purcel from sick call request filed on 5/25/14. The nurse filled in a Progress notes concerning my pain and said there is no doctors right now to see me and I must wait until July 2014.

11

20.) On 2-8-13 Proctor wrote Arthur Funk (Funk) Regional Medical Director for Wexford Health Sources, INC., and attached a copy & word for word of Grievance #13-0956 at 1,2,3, because Funk is a Employee of Wexford... Once Funk received the information Funk replied: its clinically appropriate, follow sick call process and grievance procedure.

No where did Funk respond to why Proctor is still having these pain nor did Funk recommend that other test be done.
(see Exhibits A1, A2, 1of 2, 2of 2)(A1-Letter Funk; A2-Funk's reply; 1of 2, 2 of 2 - Typed copy word for word of Grievance #13-0956 at 1,2,3)).

21.) Proctor contents and adopts paragraphs 1 through 20, that according to Prisoner Legal News (PLN) Vol. 24 No. 5 May 2013 Page 36 in part states:

Wexford entered into a contract to provide health care to the State of Illinois Prisoners, at a "Cost $1.36 Billion dollars" in September 2011, for ten years. Currently more then 150 Federal law suits been filed against Wexford by Illinois Prisoners. Also, wexford maintains that all medical Directors are employees of Wexford Health Sources, INC., and are implementing policy cost cutting to ensure prisoner with a serious medical need be deprived, denied or delayed referrals to an outside source to save money for Wexford until Prisoner file law suits expressing their need... to the seriousness of their conditions. Proctor reiterates, that he is experiencing excruciating severe pain in his LLQ and spasms daily.
(see Exhibits K, K1).

22.) Proctor contents and adopts paragraphs 1 through 21, The Medical Policy is, Patient see doctor, doctor recommends, (Colonoscopy, Sigmoidoscopy, or MRI) its [sic] approved by the Medical Director (wont recommend Proctor for further testing) a Wexford employee and then it has to be approved by the Wexford Administrative office or officers... because they are in the business of making money first, and Proctor is still deprived of a serious medical need for treatment... for excruciating severe pain in

his LLQ and spasms... The Medical Providers believes that because the Medical file states POSSIBLE OR SUGGEST IBS is good enough "Not to refer Proctor to be seen by an outside source to findout "<u>WHY</u>" Proctor is still experiencing severe pain in his LLQ and spasms." The negative test findings from the general X-rays, Ultrasound and stool cultures of Proctor's serious medical need is a denial as a result to a cost cutting policy to save money for Wexford Health Sources, Inc.

2) Proctor contents that a Medical Expert is required in order to explain the complexity of these different test requested in nature to the court and jury in order to give a definitive diagnoses to Proctor's excruciating severe pains in his leftside LLQ and spasms problems.

WHEREFORE, Plaintiff, Proctor, Prays this Honorable Court will Grant:

A) Order defendants liable for violation of section 1983;

B) Order defendants to pay in the amount of $1,000,000.00 dollars each in their individule and offical capacity and punitive damage to be proven at trial by jury;

1) Donate one million dollars to Knox County Medical Center;

2) Donate one million dollars to Hill CC Educational Department;

3) Donate one million dollars to Galesburg/Knox's County College/Universities for future training of Employees;

4) And any and all remedies this Court deems just and Proper;

C.) Order for an Medical Expert whose not part of the IDOC or an Wexford Employee to explain the complexity of these test requested for definitive diagnoses to Procter's ailments.

D.) Order for Preliminary Injunction to compel defendants to send out Proctor to a facility to evaluate Proctor's excruciating severe pains in his LLQ and spasms for a definitive diagnoses, and to protect Plaintiff Proctor's Constitutional right to a serious medical Condition and reasonable standard care of a prisoner.

E.) Order defendants to pay all medical cost for Proctor to be seen by an outside source for further testing as required by outside source, such as, Colonoscopy, Sigmoidoscopy, MRI or CAT for a definitive diagnoses; attorney fees; and all such relief this Honorable Court deems just and equitable.

Date: 05/28/14

Respectfully,
Dan Proctor
Daniel Proctor #N44218
Hill Correctional Center
P.O. Box 1700
Galesburg, Illinois 61401

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL PROCTOR
Plaintiff,    )
              )
v.            ) Case No. _____
Illinois Department of Corrections, medical ) 
Directors, Personnel, Warden, Wexford Health ) Jury By Trail
Sources, Wexford employees, ect etal., )
Defendant.    )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of Central District Court    TO: _____
309 Federal Building,
100 N.E.
MONROE, PEARIA, ILL 61602.
(original and 3 copies.

PLEASE TAKE NOTICE that on June 5, 2014, I have placed the documents listed below in the institutional mail at ____Hill____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Complaint 14 pages; Proof/Certificate of service; Motion For Appointment of Stand by Counsel + Exhibits 15 pages; Motion and Affidavit In support of Request to Proceed In Forma Pauperis 5 pages; Motion for Production of Documents + Affidavit for First Production of Documents.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: June 5, 2014

/s/ [signature]
NAME: Daniel Proctor
IDOC#: N44218
____Hill____ Correctional Center
P.O. BOX 1700
GALESBURG, IL 61401.

Daniel Proctor #N44728
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

THIS CORRESPONDENCE IS FROM AN INMATE FROM THE ILLINOIS DEPARTMENT OF CORRECTIONS

Clerk of Central District Court
309 Federal Building 100 N.E.
Monroe, Peoria, IL 61602

LEGAL MAIL